**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Angelina Luna and Collin Walker,<br><br>    Plaintiff,<br><br>v.<br><br>I.Q. Data International, Inc. dba Rent Collect Global and Liberty Mutual Insurance Company<br><br>    Defendants | Civil Action No: 3:20-cv-1509<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES ANGELINA LUNA and COLLIN WALKER ("Plaintiffs"), by and through their attorneys, THE SHAWN JAFFER LAW FIRM, PLLC, for their Complaint against Defendant I.Q. DATA INTERNATIONAL, INC. ("IQD" or "Defendant IQD"), for violations 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.  Plaintiffs brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendants.

2.  This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.  Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

4.  Plaintiff Luna is a natural person residing at 13838 Indian Wells Rd, Dallas, TX 75253.

5. Plaintiff Walker is a natural person residing at 13838 Indian Wells Rd, Dallas, TX 75253.

6. Plaintiffs were allegedly obligated to make a "Consumer Debt" payment in the course of renting a house.

7. Plaintiff Luna is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

8. Plaintiff Walker is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

9. The Consumer Debt is an obligation or alleged obligation of the Plaintiffs to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

**I.Q. Data International, Inc**

10. Defendant IQD is a Washington-based debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers in the State of Texas and can be served with process on its 1010 SE Everett Mall Way, Ste. 100, Everett, WA 98208.

11. IQD is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

12. Defendant IQD is a debt collector as defined under 15 USC §1692(b)(6).

**Defendant Liberty Mutual Insurance Company**

Defendant Liberty Mutual Insurance Company ("Liberty") is an indemnity for Defendant IQD.

13.     Defendant Liberty is an insurance company that conducts business in Texas and can be served with service of process at Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## FACTUAL ALLEGATIONS

14.     On or about May 12, 2020, IQD contacted Plaintiff by phone in this district attempting to collect a debt due to for the early termination of a lease. Plaintiff agreed to make a $800 payment towards this debt based on the assurance from Defendant IQD that the debt would not be reported to any credit agencies.

15.     On May 26, 2020, Defendant IQD drafted a second, unauthorized charge in the amount of $1,917.22 from Plaintiff's same bank account.

16.     IQD made a false representation of the amount of the Consumer Debt.

17.     IQD's representation of the $800 amount was a deceptive means to collect or attempt to collect a debt.

18.     IQD's collection of $1,917.22 from Plaintiff was not authorized by any agreement or permitted by law.

19.     Plaintiff has suffered mental anguish, frustration, and an informational injury from IQD's debt collection actions.

20.     Plaintiff Walker was without the benefit of his personal money when Defendant removed it from his personal bank account without Plaintiff Walker's consent or authorization.

21.     For these reasons, the Defendant IQD has violated the FDCPA.

## **FIRST CAUSE OF ACTION**
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e & 1692f** *et seq.* **AS TO DEFENDANT IQD**

22. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

23. IQD's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

24. Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(a) The false representation of the character, amount, or legal status of any debt; and

(b) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

15 U.S.C. §1692e(2) & (10).

25. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt, including: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is authorized by the agreement creating the debt or permitted by law.

26. IQD violated the FDCPA when IQD verbally advised Plaintiff a deceptive collection amount which falsely represented the amount IQD intended to collect.

27. IQD violated the FDCPA when it collected an unauthorized amount from the Plaintiff.

28. IQD continues to credit report in violation of their agreement with Plaintiff Luna.

29. For these reasons, the IQD is liable to the Plaintiff for actual and statutory damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from Defendants as follows:

1. Awarding Plaintiff and statutory damages up to $1,000;

2. Awarding Plaintiff actual damages to be determined by the jury;

3. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

4. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED: June 10, 2020

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*_____.
Shawn Jaffer
Texas Bar No.: 24107817
13601 Preston Rd E770
Dallas, Texas 75240
Phone: (214) 210-0730
Email: shawn@jaffer.law

/s/ *Ray N Hosack*
Ray N Hosack
Texas Bar No 24046108
13601 Preston Rd E770
Dallas, Texas 75240
Phone: (214)440-1965
Email: ray@hosacklawfirm.com
***Attorneys for Plaintiffs***